UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE V.-R.,

              Petitioner,

      v.

WARDEN OF THE CALIFORNIA CITY
DETENTION FACILITY,

              Respondent.

No. 2:26-cv-00760-TLN-AC

(A# 241-152-795)

**ORDER**

This matter is before the Court on Petitioner Jose V.-R.'s[1] ("Petitioner") *pro se* Petition for Writ of Habeas Corpus.  (ECF No. 1.)  For the reasons set forth below, the Court GRANTS Petitioner's Petition.

///

///

///

///

---

[1]     As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information.  *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL BACKGROUND

The instant action arises from Petitioner's allegedly unlawful detention.  (*See* ECF No. 1.) Petitioner entered the United States on November 20, 2023, was apprehended by immigration authorities, and placed in expedited removal proceedings.  (ECF No. 6 at 1.)  Petitioner claimed a fear of removal to Peru that an asylum officer found credible.  (*Id.*)  Petitioner was then issued a Notice to Appear on January 2, 2024.  (*Id.*)  Petitioner was paroled into the United States for his removal proceedings thereafter.  (*Id.*)

On December 25, 2025, Petitioner was arrested for driving under the influence ("DUI") and other offenses in Utah.  (*Id.*)  On February 3, 2025, Petitioner pleaded guilty to the DUI charge and any remaining charges were dismissed.  (*Id.* at 1–2.)  The next day, immigration authorities served him a warrant for arrest and took him into immigration custody for his pending removal proceedings.  (*Id.* at 2.)

On March 9, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus, challenging the lawfulness of his civil detention and seeking immediate release, and a motion for temporary restraining order. (*See* ECF Nos. 1, 2.)  On March 13, 2026, Respondent filed an opposition to the motion and answer to the Petition.  (ECF No. 6.)  Respondent is also amenable to the Court ruling on the merits of the underlying Petition.  (*Id.* at 1.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v.*

2

*Davis*, 533 U.S. 678, 687 (2001).

**III.   ANALYSIS**

In his Petition for Writ of Habeas Corpus, Petitioner claims he is being unlawfully subjected to mandatory detention in violation of due process.[2]  (*See* ECF No. 1.)  In response, Respondent contends Petitioner is an "applicant for admission" who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)") for continued adjudication of his asylum application before an immigration judge.  (ECF No. 6 at 3.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  These due process rights extend to immigration proceedings and detention.  *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A.   Liberty Interest

As for the first step, the Court finds Petitioner has established a protectable liberty interest.  *See Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause").  "[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to

---

2   Petitioner also asserts a claim for violation of the Immigration and Nationality Act ("INA").  (ECF No. 1 at 7.)  The Court finds it need not address Petitioner's additional claim to rule on the Petition, as the INA claim seeks the same relief Petitioner seeks in his due process claim.

the . . . conditions [of release]." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting *Morrissey*, 408 U.S. at 482) (modifications in original)). "Accordingly, a noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025). To determine whether an individual's conditional release rises to the level of a protected liberty interest, courts have "compar[ed] the specific conditional release in the case before them with the liberty interest in parole as characterized by *Morrissey*." *R.D.T.M. v. Wofford*, No. 1:25-cv-01141-KES-SKO, 2025 WL 2617255, at *3 (E.D. Cal. Sept 9, 2025).

Here, the Court agrees with Petitioner that he has a protected liberty interest in his continued freedom as he was issued a Notice to Appear on January 2, 2024, and then subsequently paroled into the United States. (ECF No. 6 at 1.) Under *Morrissey*, this release implied a promise that he would not be re-detained, during the pendency of his immigration proceedings, if he abided by the terms of his release. As this Court has found previously, along with many other courts in this district when confronted with similar circumstances, Petitioner has a clear interest in his continued freedom as he awaits the outcome of his asylum proceedings. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

The Court does not find persuasive Respondent's argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an "applicant for admission" (ECF No. 8 at 2–4.) This Court has now ruled on this same issue countless times and courts throughout the Ninth Circuit have overwhelmingly rejected Respondent's legal position and found the government's re-classification of individuals under the mandatory detention policy unlawful. *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position and collecting cases). Indeed, Respondent is aware the Court has repeatedly rejected the position that Petitioner is an applicant for admission because he was in expedited removal under 8 U.S.C. §

4

1225(b)(1) and then subsequently placed in removal proceedings under 8 U.S.C. § 1225(b)(2) for adjudication of his asylum claim by an immigration judge.  (ECF No. 6 at 2.)  As this Court has previously noted, it will not reconsider its position absent new argument, case law, or distinguishable facts.  Respondent provides no such grounds for reconsideration.  (*See* ECF No. 6.)  Thus, Petitioner is not an "applicant for admission" subject to mandatory detention under § 1225(b)(2).  Petitioner is instead subject to 8 U.S.C. § 1226(a) ("§ 1226(a)") and entitled to the process that statute requires prior to re-detention, including a bond hearing at a minimum.

The Court is also not persuaded by Respondent's arguments that changed circumstances warrant Petitioner's re-detention and the government properly terminated his parole.  (ECF No. 6 at 2.)  Respondent cites to 8 C.F.R. § 212.5(e) ("§ 212.5(e)") to justify termination of parole and appears to argue that because Petitioner was served a warrant for his arrest, he received sufficient notice to comply with this regulation.  (*Id.*)  This regulation provides that upon written notice, the Department of Homeland Security ("DHS") may terminate parole "upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the [noncitizen] in the United States."  8 C.F.R. § 212.5(e).  Based on this text, courts have found written notice to be a necessary but not sufficient condition to comply with § 212.5(e) — the noncitizen must also meet one of the two foregoing clauses.  *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1145 (D. Or. 2025).  However, Respondent only notes the government provided Petitioner with written notice.  (ECF No. 6 at 2.)  Respondent makes no substantive argument that Petitioner meets one of the additional clauses.  Respondent thus fails to show the government properly terminated Petitioner's parole under § 212.5(e).  Moreover, mere invocation of the parole termination statute does not extinguish Petitioner's liberty interest.  Accordingly, Petitioner has a protected liberty interest in his continued freedom protected by the Due Process Clause.

### B.   Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an

erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  As set forth below, the Court finds Respondent violated Petitioner's due process rights.

First, Petitioner has a substantial private interest in remaining free from detention. "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.  As previously stated, Petitioner was released from immigration custody approximately two years ago.  (ECF No. 6 at 1.)  Despite this, Petitioner has now been detained for almost two months without prior notice or an opportunity to respond to the reasons for revocation of his release.  Petitioner also notes the economic hardship on his family grows more severe with each passing day of his detention.  (ECF No. 2 at 2.)  Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any hearing, either pre- or post-detention.  Petitioner maintains he was not afforded a pre-deprivation notice or hearing, and no immigration judge has determined his detention would serve to prevent flight or protect against danger to the community.  (ECF No. 2 at 5; *see* ECF No. 6); *see also Manzanarez*, 2025 WL 3247258, at *4 (quoting *A.E. v. Andrews*, No. 25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing.")).  Thus, the Court finds Petitioner was likely erroneously deprived of his liberty interest.  Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high.  *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the Government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal.  *See Garcia v. Andrews*, No. 2:25-CV-01884-

TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994; *see also R.D.T.M.*, 2025 WL 2617255, at *4 ("Civil immigration detention, which is nonpunitive in purpose and effect is justified when a noncitizen presents a risk of flight or danger to the community." (cleaned up)).

The cost and time of procedural safeguards are minimal here. Notice and custody determination hearings are routine processes for Respondent. Indeed, these are the very processes owed to Petitioner under § 1226(a). Any delay in detention (if justified) for the time to provide notice and a hearing would be minimal. Moreover, it would be less of a fiscal and administrative burden for the Government to return Petitioner home to await a determination on his asylum application than to continue to detain him. *See also Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) ("[T]he Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

The Court finds that, under these circumstances, Respondent is required to provide notice and a pre-deprivation hearing. The United States Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). The Court describes post-deprivation remedies as the "special case" where those are "the only remedies the State could be expected to provide." *Id.* at 129. Here, the Court finds pre-deprivation notice and a hearing are possible and valuable to preventing erroneous deprivation of liberty.

On balance, this Court finds the *Mathews* factors demonstrate Petitioner was entitled to pre-deprivation notice and hearing to determine whether detention was warranted. Respondent did not provide either. Moreover, Respondent did not provide a post-deprivation opportunity to be heard. The Court accordingly finds Respondent violated Petitioner's procedural due process rights.

///

7

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)  Respondent must IMMEDIATELY RELEASE Petitioner Jose V.-R. (A# 241-152-795) from custody under the same conditions he was released prior to his current detention.  At the time of release, Respondent must return all of Petitioner's documents and possessions. Respondent shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.  Respondent must file a notice certifying compliance with this provision of the Court's Order within **one court day** of the electronic filing date of this Order.

Respondent is ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future; or (b) Respondent demonstrates by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

The Clerk of the Court is directed to serve the California City Detention Facility with a copy of this Order.  The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: April 1, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE